

COPY
FILED

1  Paul R. Kiesel, Esq. (SBN 119854)
   Jeffrey A. Koncius, Esq. (SBN 189803)
2  KIESEL BOUCHER & LARSON LLP
   8648 Wilshire Boulevard
3  Beverly Hills, California 90211
   Telephone: 310-854-4444
4  Facsimile: 310-854-0812
   Email: kiesel@kbla.com
5  Email: koncius@kbla.com

6  (Additional Counsel Appear on Signature Page)

7

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  KEVIN SIMMS, On Behalf Of Himself         CV11-08548 - RSWL(PJWx)
    And All Others Similarly Situated,        Civil Action No.
14
                   Plaintiff,                 **CLASS ACTION COMPLAINT**
15
    v.                                        1.   VIOLATION OF CLRA
16                                            2.   VIOLATION OF THE FAL
    MERIAL LIMITED,                           3.   VIOLATION OF THE UCL
17                                            4.   BREACH OF EXPRESS
                   Defendant.                      WARRANTY
18                                            5.   UNJUST ENRICHMENT

19                                            **DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28
                                  1
                    CLASS ACTION COMPLAINT

2011 OCT 14  PM 5: 00

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

1    Plaintiff, Kevin Simms ("Simms" or "Plaintiff"), by and through his

2 attorneys, brings this action, on behalf of himself and all others similarly situated,

3 against Defendant, Merial Limited ("Merial" or "Defendant"), and, except for

4 information based on his own personal knowledge, alleges, on information and

5 belief based on the investigation conducted by his counsel, and the facts that are a

6 matter of public record, as follows:

7    **NATURE OF THE ACTION**

8    1.    Plaintiff brings this action individually and on behalf of a proposed

9 class ("Class"), as more fully defined below, of similarly situated consumers in the

10 State of California seeking to redress the pervasive pattern of fraudulent,

11 deceptive, false and otherwise improper advertising, sales and marketing practices

12 that Defendant continues to engage in regarding its Frontline Plus Products

13 ("Frontline Plus" or the "Product").

14    2.    Merial manufactures, markets and sells Frontline Plus, which is a flea

15 and tick control product for dogs and cats. Merial employs over 5,000 people

16 worldwide and has approximately $2.5 billion in yearly sales. Merial produces

17 millions of vials of Frontline Plus every year. Frontline Plus is traditionally

18 marketed and sold in packets which contain three separate applications in

19 individual vials. Merial claims that Frontline Plus is the "undisputed leader in flea

20 and tick control" and that "Merial is committed to developing

21 pharmaceuticals...with the highest level of quality and safety."

22    3.    Through an extensive and comprehensive nationwide marketing

23 campaign which includes print, television and Internet advertising, including, *inter*

24 *alia*, a website titled www.completekiller.com, Merial claims that Frontline Plus is

25 a "complete killer" of fleas and ticks on cats and dogs and is 100% effective in

26 killing fleas and ticks on cats and dogs. These claims are false, misleading and

27 unsubstantiated.

28    4.    Plaintiff brings this action, on behalf of himself and other similarly

2

1  situated consumers residing in the State of California, to halt the dissemination of
2  this false and misleading advertising, correct the false and misleading perception it
3  has created in the minds of consumers, and to obtain redress for those who have
4  purchased Frontline Plus. Plaintiff alleges violations of the California Consumers
5  Legal Remedies Act, Civil Code § 1750, *et seq.* ("CLRA"); Unfair Competition
6  Law, California Business and Professions Code § 17200, *et seq.* ("UCL"); False
7  Advertising Law, California Business and Professions Code § 17500, *et seq.*
8  ("FAL"); breach of express warranty; and unjust enrichment.

9  **JURISDICTION AND VENUE**

10  5.    This Court has original jurisdiction pursuant to 28 U.S.C.
11  §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds
12  the sum or value of $5,000,000 and certain members of the Class are citizens of a
13  state different from Defendant.

14  6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that
15  Plaintiff resides in this district, many of the acts and the transactions giving rise to
16  this action occurred in this district and because Defendant (a) is authorized to
17  conduct business in this district; (b) has intentionally availed itself of the laws and
18  markets within this district through the promotion, marketing, distribution and sale
19  of its products in this district; (c) does substantial business in this district; and (d)
20  is subject to personal jurisdiction in this district.

21  **THE PARTIES**

22  7.    Plaintiff is, and at all times relevant to this action has been, a resident
23  of Santa Monica, California, which is situated in this district. As such, Plaintiff is
24  a California citizen. Prior to purchasing Frontline Plus in the Spring of 2010,
25  Plaintiff was exposed to and saw Merial's advertising claims. Plaintiff purchased
26  Frontline Plus at a Petco store in Santa Monica, in reliance on those advertising
27  claims.

28  8.    As a result of viewing the advertising claims, Plaintiff believed and

3

1 | understood Frontline Plus would be completely effective and would kill 100% of
2 | the fleas and ticks on his dog for a 30-day period. Based on Defendant's
3 | representations, Plaintiff purchased Frontline Plus. As a result of those purchases,
4 | Plaintiff suffered injury in fact and lost money and/or property as a result of the
5 | conduct described of herein.

6 |      9.    In making his purchasing decision, Plaintiff relied upon, *inter alia*,
7 | the advertising and/or other promotional materials which were prepared and
8 | approved by Merial and its agents and disseminated through its packaging,
9 | advertising, and marketing, and/or through local and national advertising media.

10 |      10.    Defendant, Merial, has a principal place of business at 3239 Satellite
11 | Boulevard, Duluth, Georgia. Defendant, thus, is a citizen of Georgia.

12 | **SUBSTANTIVE ALLEGATIONS**

13 |      11.    Through its print, television and Internet advertising, Merial made,
14 | and continues to make, statements which convey the message that Frontline Plus is
15 | 100% effective in killing fleas and ticks on cats and dogs, including, *inter alia*:

16 |     -    "unleash a complete killing force against fleas and ticks"
17 |     -    "There's killing, and there's complete killing with Frontline Plus"
18 |     -    "Unlike other products from your vet, only FRONTLINE Plus
19 |         completely annihilates the flea life cycle on dogs and cats by killing
20 |         fleas as adults, eggs and larvae."
21 |     -    "Any flea or tick that comes into contact with your pet is dead meat."

22 |      12.    These representations were material to Plaintiff and other consumers
23 | and Plaintiff and other consumers reasonably relied on the representations.

24 |      13.    Merial's own studies fail to support this advertising message.

25 |      14.    Merial's nationwide advertising campaign has been extensive and
26 | comprehensive and Merial has spent millions of dollars to convey these deceptive
27 | messages to consumers throughout the United States. Merial conveyed and
28 | continues to convey its deceptive claims about Frontline Plus through a variety of

4

1 | media, including television, newspapers, magazines, and the Internet.

2 |     15.    Through this extensive and comprehensive campaign, Merial has
3 | consistently conveyed the message that Frontline Plus kills 100% of fleas and
4 | ticks on cats and dogs.

5 |     16.    Merial's advertising and marketing campaign is designed to cause
6 | consumers to buy Frontline Plus as a result of this deceptive message, and Merial
7 | has succeeded. As a result of this campaign, Frontline Plus has elevated to one of
8 | the top sellers in the product category.

9 |     17.    In November 2010, the National Advertising Division of The Council
10 | of Better Business Bureaus, Inc. (the "NAD") examined the Frontline Plus
11 | marketing claims at issue, analyzed Merial's purported scientific substantiation,
12 | and concluded that Merial's advertising conveyed a message of 100% efficacy but
13 | that Merial's "evidence does not support a message of 100% efficacy." The NAD
14 | determined that "the evidence in the record does not support the[] 'complete
15 | killing'/'complete killing force claims." Based on its extensive review, the NAD
16 | recommended that Merial discontinue claims that Frontline Plus is 100% effective.
17 | Merial refused to correct its false advertising.

18 |     18.    Merial deceptively advertises that Frontline Plus is 100% effective in
19 | killing fleas and ticks on cats and dogs.

20 |     19.    The evidence, however, shows that Frontline Plus is not 100%
21 | effective in killing fleas and ticks on cats and dogs. In a 2007 study published in a
22 | peer reviewed journal, Frontline Plus was found to kill 91.7% of fleas on the 14th
23 | day after treatment and only 86.9% of fleas on the 28th day after treatment.
24 | Another study found that Frontline Plus killed only 95% of fleas when animals
25 | were reinfested on the 20th day after treatment and 90.9% on the 27th day.

26 |     20.    Another 2007 study showed that Frontline Plus only kills 86.3% of
27 | ticks on dogs 14 days after application -- less than midway through the application
28 | cycle.

CLASS ACTION COMPLAINT

21.   As purported support for its claims, Merial relies upon one study authored by, *inter alia*, two employees of Merial.

22.   On November 3, 2010, the NAD -- an industry-created and operated entity that reviews advertising -- recommended that Merial modify or discontinue certain advertising claims for Frontline Plus.

23.   The NAD examined whether Merial's uniform advertising claim that Frontline Plus is completely effective at killing fleas and ticks was substantiated. The NAD found that the claim was, in fact, not substantiated. The NAD found that the evidence presented did not support Defendant's claim and recommended that Merial discontinue its unsupported "complete killing" claims with respect to the Product.

24.   In defense of its claims, Merial submitted extensive briefing and citations to the studies which it asserts substantiate the Frontline Plus advertising claims. The NAD rejected Merial's arguments that the body of evidence supported the claims at issue.

25.   Despite the NAD's conclusions and the lack of substantiation for Defendant's advertising claims, Merial continues to deceptively market and advertise that Frontline Plus is "completely" effective in killing fleas and ticks on cats and dogs.

## PLAINTIFF'S EXPERIENCE WITH FRONTLINE PLUS

26.   Plaintiff viewed various television advertisements claiming 100% efficacy for Frontline Plus. He viewed and relied upon the specific claim that if he used Frontline Plus on his dog, the fleas and ticks would be completely killed for 30 days -- *i.e.* that the Frontline Plus would be 100% effective in killing fleas and ticks on his dog.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

1    27.    In reliance on its touted complete efficacy, Plaintiff purchased a

2  substantial amount of Frontline Plus at the Petco in Santa Monica, California,

3  starting in April 2010.  Plaintiff used all of the Frontline Plus that he purchased on

4  his dog.

5    28.    Although Plaintiff used Frontline Plus as directed, he continued to see

6  fleas on his dog less than 30 days after application of Frontline Plus.  Thus,

7  Plaintiff did not get the promised 100% efficacy from Frontline Plus.

8    29.    Defendant's deceptive practices are both significant and widespread.

9  Consumers have made the following representative complaints about Defendant's

10  misrepresentations:

11          Purchased a package of Frontline, 6 vials for $100 (tax
            included).  Product did not make the fleas go away.
12
            *http://merial-limited.pissedconsumer.com* (Aug. 16, 2011)
13
            I bought Frontline Plus (six pk, cost $102.73 with tax)
14          from my vet in Sept. 2009.  I have three cats and it did
            not work on any of them.
15
            *www.viewpoints.com* (Aug. 16, 2011)
16
            Cons: False advertising - DOES NOT WORK!!!!!!
17          After spending over $100 on Frontline Plus (2
            applications each for 3 cats) the fleas kept coming back
18          after just 4 days after applying the product.  It should be
            illegal for them to continue to sell this to consumers with
19          no recourse... no refund.  It simply does not work & I
            will never purchase the product again.
20
            *www.epinions.com/reviews/Frontline_Cat_Plus* (Aug.
21          16, 2011)

22          After spending $40 a month for Frontline for my pets, we
            all have fleas, including me.
23
            *www.epinions.com/reviews/Frontline_Cat_Plus* (Aug.
24          16, 2011)

25          Cons: does not work at advertised.
            I have been applying Frontline Plus faithly (sic) to my
26          cat for the last 5 months.  Unfortunately, I noticed an
            engorged tick on him today.  I'm so disappointed.  I feel
27          like I've been duped by Merial.

28          *www.epinions.com/reviews/Frontline_Cat_Plus* (Aug.

7

16, 2011)

I have used Frontline Plus on my dog for over 3 months. He is strictly an inside dog, only goes outside to relieve himself, for 20 seconds at a time.  I applied the last application of Frontline Plus to my dog 2 weeks ago.  He is INFESTED with fleas.  When I called Merial (the manufacturer) they REFUSED to honor their "satisfaction guaranteed" promise!  Don't waste your money on this product.

*www.epinions.com/reviews/Frontline_Cat_Plus* (Aug. 16, 2011)

Twice now, I've purchased 3-month supplies of Frontline Plus for my 3 dogs and 2 cats based upon the claims in your advertisements that these treatments effectively kills fleas and ticks in all stages of their life cycles.
I anticipated administering the medication once a month for 6 months.  On EVERY treatment, I observed that my pets' scratching diminished greatly in 48-72 hours after treatment, then very abruptly returned after approximately 12-14 days later.
I think 6 trials on my 5 pets is a substantial test population to determine that your advertising claims are false and the product is sub-standard.
I think Merial should refund hundreds of dollars to each of the thousands of people that have purchased their product.
I'm hoping that a class-action lawsuit will be initiated.  I will certainly participate.
They are just another corporate giant with the government watchdogs in their pocket, so there's no accountability for their fraudulent practices.

*www.planetfeedback.com/merial* (Aug. 16, 2011)

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this suit as a class action, on behalf of himself and on behalf of other similarly situated, pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3).  Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed.  The proposed Class is defined as follows:

<u>Class:</u>        All persons in California who purchased Frontline Plus.

8

31.   Excluded from the Class are: (1) Defendant, Defendant's subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which Defendant has a controlling interest; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) anyone who purchased Frontline Plus for the purpose of resale; and (4) anyone asserting claims for personal injury.  Plaintiff reserves the right to modify the Class definition as further investigation and/or discovery so warrant.

32.   This action has been brought and may properly be maintained as a class action pursuant to Fed.R.Civ.P. 23 and case law thereunder.

33.   **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable.  Plaintiff reasonably believes that the Class is comprised of tens of thousands of consumers in California.

34.   **Commonality:** Common questions of law and fact exist as to all members of the Class.  These common questions predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)   whether Defendant's claims regarding Frontline Plus are deceptive and/or misleading;

(b)   whether Defendant engaged in false and/or misleading advertising;

(c)   whether Defendant's conduct as alleged herein violates the UCL;

(d)   whether Defendant's conduct as alleged herein violates the CLRA;

(e)   whether Defendant's conduct as alleged herein violates the FAL;

(f)   whether Defendant's conduct as alleged herein constitutes a breach of warranty;

9

        (g)    whether Defendant has been unjustly enriched by the conduct alleged herein;

        (h)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

        (i)    whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

35.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class, as all Class members are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Class, purchased Frontline Plus after exposure to the same material misrepresentations appearing in television and print advertising, and received a product that was not as represented. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

36.   **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

37.   Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

38.   This suit may be maintained as a class action under Fed.R.Civ.P. 23(b)(2) because Defendant has acted, and/or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief.

1  Specifically, injunctive relief is necessary and appropriate to require Defendant to:
2  (i) discontinue advertising, marketing, packaging and/or otherwise representing its
3  Frontline Plus as 100% effective; (ii) undertake an immediate public information
4  campaign to inform members of the proposed Class as to its prior practices; and
5  (iii) to correct any erroneous impression consumers may have derived concerning
6  the nature, characteristics, or qualities of its Frontline Plus, including, without
7  limitation, the placement of corrective advertising and providing written notice to
8  the public.

9      39.    In addition, this suit may be maintained as a class action under
10  Fed.R.Civ.P. 23(b)(3) because a class action is superior to all other available
11  methods for the fair and efficient adjudication of this controversy since joinder of
12  all members is impracticable. The injury suffered by each individual Class
13  member is relatively small in comparison to the burden and expense of individual
14  prosecution of the complex and extensive litigation necessitated by Defendant's
15  conduct. It would be virtually impossible for members of the Class individually to
16  redress effectively the wrongs done to them. Even if the members of the Class
17  could afford such litigation, the court system could not. Individualized litigation
18  presents a potential for inconsistent or contradictory judgments. Individualized
19  litigation increases the delay and expense to all parties, and to the court system,
20  presented by the complex legal and factual issues of the case. By contrast, the
21  class action device presents no management difficulties, and provides the benefits
22  of single adjudication, economy of scale, and comprehensive supervision by a
23  single court.

24      40.    The nature of notice to the proposed class is contemplated to be by
25  direct mail upon certification of the class or, if such notice is not practicable, by
26  the best notice practicable under the circumstance including, *inter alia*, publication
27  in major newspapers and on the internet.

28  / / /

11

## FIRST CAUSE OF ACTION

### (Violations of the CLRA -- Asserted on Behalf of the Class)

41.   Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

42.   This cause of action is brought pursuant to the CLRA.  Plaintiff is a consumer as defined by California Civil Code §1761(d).  Frontline Plus is a good within the meaning of the CLRA.

43.   Merial violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) which were intended to result in, and did result in, the sale of Frontline Plus:

      (5) Representing that [the Products have] . . . characteristics, . . . uses [or] benefits . . . which they do not have;

      (7) Representing that [the Products] are of a particular standard, quality or grade . . . if they are of another;

      (9) Advertising goods . . . with intent not to sell them as advertised; and

      (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

44.   Merial violated the CLRA by marketing and advertising Frontline Plus in the manner described herein, when it knew that the labeling and advertisements were unsubstantiated, false and misleading.

45.   Merial intended that Plaintiff and members of the Class would rely on the false and misleading representations and any reasonable consumer would deem the false and misleading representations material to the purchase of Frontline Plus.

46.   As a result of Defendant's conduct, Plaintiff and members of the Class suffered injury in fact, loss of money or property, and otherwise have been damaged.

47.   Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

12

1    48.    Pursuant to §1782 of the CLRA, by letter dated August 25, 2011,
2  Plaintiff notified Defendant, in writing by certified mail, of the particular
3  violations of §1770 of the CLRA and demanded that Defendant rectify the
4  problems associated with the actions detailed above and to give notice to all
5  affected consumers of its intent to so act.

6    49.    Defendant has failed to rectify or agree to rectify the problems
7  associated with the actions detailed above within 30 days of the date of written
8  notice pursuant to §1782 of the Act.  Accordingly, Plaintiff seeks actual, punitive
9  and statutory damages, as appropriate, as well as all other relief permitted under
10  the CLRA.

11    50.    Defendant's conduct is malicious, fraudulent and wanton.

12    51.    Pursuant to §1780(d) of the CLRA, attached hereto as Exhibit A is
13  the requisite CLRA Declaration executed by Plaintiff.

14    ## SECOND CAUSE OF ACTION

15    **(Violations Of The FAL -- Asserted On Behalf Of The Class)**

16    52.    Plaintiff realleges and incorporates by reference the allegations
17  contained in the paragraphs above as if fully set forth herein.

18    53.    The misrepresentations, acts and non-disclosures by Merial of the
19  material facts detailed above constitute false and misleading advertising and
20  therefore constitute a violation of the FAL.

21    54.    At all times relevant hereto, Merial's advertisements and promotions
22  regarding Frontline Plus were untrue, misleading and likely to deceive the public.
23  Merial has deceived Plaintiff and other consumers, including members of the
24  Class, by representing that Frontline Plus is 100% effective in killing fleas and
25  ticks on dogs, when, in fact, it is not.

26    55.    Merial engaged in the false and/or misleading advertising and
27  marketing alleged herein with an intent to directly and/or indirectly induce the
28  purchase of the Product.

56. The false and misleading advertising was material to Plaintiff and Class members in connection with their respective decisions to purchase Frontline Plus.

57. Plaintiff and the Class members relied on the false advertisements and misrepresentations, which played a substantial part in influencing the decision of Plaintiff (and the Class) to purchase Frontline Plus. Defendant intended that Plaintiff and other consumers would rely on the false and misleading representations.

58. In making and disseminating the statements and/or omissions alleged herein, Merial knew, or should have known, that the statements and/or omissions were untrue and/or misleading, and acted in violation of the FAL.

59. Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Merial's unfair competition, as more fully set forth herein. Plaintiff and members of the Class have been injured because they overpaid for Frontline Plus, since the value of the Product was diminished at the time of sale. Plaintiff and members of the Class have been injured because, had they been made aware that Frontline Plus is not completely effective in killing fleas and ticks, they would not have purchased Frontline Plus, or would have paid substantially less for it.

60. Merial, through its acts of unfair competition, has unfairly acquired money from Plaintiff and the members of the Class. Plaintiff can better determine the amount of money that Merial has improperly obtained through discovery.

61. Plaintiff seeks an order requiring Merial to undertake a public information campaign to inform members of the Class of its prior acts and/or practices.

62. Unless Merial is enjoined from continuing to engage in such wrongful actions and conduct, members of the Class will continue to be damaged by Merial's false and/or misleading advertising.

14

63.    Plaintiff also seeks an order requiring Merial to (a) make full restitution of all monies wrongfully obtained and (b) disgorge all ill-gotten revenues and/or profits, together with interest thereon.

64.    Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure §1021.5.

### THIRD CAUSE OF ACTION

### (Violations Of The UCL -- Asserted On Behalf Of The Class)

65.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

66.    The UCL defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  California Business & Professions Code §17200, *et seq*.  The UCL also provides for injunctive relief and restitution for violations.

67.    Merial's conduct as alleged herein constitutes unlawful, unfair and/or fraudulent business acts and practices.

68.    By engaging in the above-described acts and practices, Merial has committed one or more acts of unfair competition within the meaning of the UCL.

69.    Merial's business practices and acts are "fraudulent" because they deceived and/or are likely to deceive Plaintiff and members of the consuming public.  Specifically, Merial intentionally and misleadingly marketed and sold Frontline Plus as being 100% effective in killing fleas and ticks on dogs and cats, when it is not.

70.    Merial's business practices, and each of them, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are led to believe that Frontline Plus has qualities and benefits it does not have.

71.    The injury to Plaintiff and consumers greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

72.    There were reasonably available alternatives to further Merial's legitimate business interests, other than the conduct described herein.

73.    Merial's acts and practices are "unlawful" because Merial engaged in false and/or misleading advertising, in violation of Civil Code §§ 1572, 1688, 1709, 1710, the FAL and the CLRA, and also are violative of Merial's warranties.

74.    Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

75.    Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Merial's unfair competition, as more fully set forth herein.  Plaintiff and members of the Class have been injured because they overpaid for Frontline Plus.  Plaintiff and members of the Class also have been injured because, had they been made aware that Frontline Plus does not perform as represented, they would not have purchased Frontline Plus, or would have paid substantially less for the Product.

76.    Merial, through its acts of unfair competition, has unfairly acquired money from Plaintiff and members of the Class.

77.    Unless Merial is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers will continue to be exposed to and damaged by Merial's unfair competition.

78.    Plaintiff seeks an order requiring Merial to undertake a public information campaign to inform members of the Class of its prior acts or practices.

79.    Plaintiff also seeks all relief available to him and the members of the Class pursuant to the FAL.

80.    Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia,* Code of Civil Procedure §1021.5.

/ / /

1

## FOURTH CAUSE OF ACTION

2    **(Breach Of Express Warranty -- Asserted On Behalf Of The Class)**

3       81.    Plaintiff realleges and incorporates by reference the allegations
4    contained in the paragraphs above as if fully set forth herein.

5       82.    Plaintiff, and each member of the Class, formed a contract with
6    Merial at the time they purchased Frontline Plus. The terms of that contract
7    include the promises and affirmations of fact made by Merial through the
8    advertising and marketing campaign, as alleged above. The Product advertising
9    constitutes express warranties, became part of the basis of the bargain, and is part
10   of a standardized contract between Plaintiff and the members of the Class, on the
11   one hand, and Merial, on the other.

12      83.    All conditions precedent to Merial's liability under the warranty have
13   been performed by Plaintiff and the Class.

14      84.    Merial breached the terms of the express warranty by not providing a
15   Frontline Plus product that provided the benefits promised.

16      85.    As a result of Merial's breach of warranty, Plaintiff and the Class
17   have been damaged in the amount of the purchase price of the Frontline Plus they
18   purchased.

19                       **FIFTH CAUSE OF ACTION**

20          **(Unjust Enrichment – Asserted On Behalf Of The Class)**

21      86.    Plaintiff realleges and incorporates by reference the allegations
22   contained in the paragraphs above as if fully set forth herein.

23      87.    This claim is asserted in the alternative on behalf of Plaintiff and
24   Class members to the extent that any contracts do not govern the entirety of the
25   subject matter of the dispute with Merial.

26      88.    Plaintiff and Class members conferred a tangible economic benefit
27   upon Merial by purchasing Frontline Plus. Plaintiff and Class members would
28   have expected remuneration from Merial at the time this benefit was conferred had

17

1   they known that the Product did not perform as promised.

2       89.    As a direct and proximate result of Merial's misconduct as set forth
3   above, Merial has been unjustly enriched at the expense of Plaintiff and Class
4   members.

5       90.    It would be inequitable for Defendant to retain the profits, benefits
6   and other compensation obtained by its wrongful conduct in marketing and selling
7   Frontline Plus.

8       91.    Plaintiff, on behalf of himself and Class members, seeks restitution
9   from Merial, and an order of this Court disgorging all profits, benefits and other
10  compensation obtained by Merial from its wrongful conduct.

11                              **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff, on behalf of himself and all members of the Class
13  defined herein, prays for judgment as follows:

14      1.    Certification of the Class under Federal Rule of Civil Procedure 23
15  and appointment of Plaintiff as representative of the Class and his counsel as Class
16  counsel;

17      2.    A temporary, preliminary and/or permanent order for injunctive relief
18  requiring Merial to: (i) discontinue advertising, marketing, packaging and
19  otherwise representing Frontline Plus as having benefits that its does not have; (ii)
20  undertake an immediate pubic information campaign to inform members of the
21  proposed Class as to its prior practices; and (iii) correct any erroneous impression
22  consumers may have derived concerning the nature, characteristics, and/or
23  qualities of Frontline Plus, including, without limitation, the placement of
24  corrective advertising and providing written notice to the public;

25      3.    An order requiring disgorgement of Merial's ill-gotten gains and to
26  pay restitution to Plaintiff and all members of the Class and to restore to the
27  Plaintiff and members of the Class all funds acquired by means of any act or
28  practice declared by this Court to be an unlawful, fraudulent or unfair business act

18

1  or practice, a violation of laws, statutes or regulations, or constituting unfair

2  competition or false advertising;

3    4.    Distribution of any monies recovered on behalf of members of the

4  Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to

5  prevent Merial from retaining the benefits of its wrongful conduct;

6    5.    Compensatory and other damages for economic and non-economic

7  damages identified herein;

8    6.    Statutory pre-judgment and post-judgment interest on any amounts;

9    7.    Reasonable attorneys' fees as may be allowable under applicable law;

10    8.    Costs of this suit; and

11    9.    Such other relief as the Court may deem just and proper.

12                              Respectfully submitted,

13                              KIESEL BOUCHER & LARSON LLP

15  DATED: October 14, 2011

        Paul R. Kiesel
16      Jeffrey A. Koncius
        8648 Wilshire Boulevard
17      Beverly Hills, California 90211
        Telephone: 310-854-4444
18      Facsimile: 310-854-0812
        Email: kiesel@kbla.com
19      Email: koncius@kbla.com

20      Rose F. Luzon (SBN 221544)
        SHEPHERD, FINKELMAN, MILLER &
21      SHAH, LLP
        401 West A Street, Suite 2350
22      San Diego, CA 92101
        Telephone: (619) 235-2416
23      Facsimile: (619) 234-7334
        Email: rluzon@sfmslaw.com

24
        James C. Shah (SBN 260435)
25      SHEPHERD, FINKELMAN, MILLER &
        SHAH, LLP
26      35 E. State Street
        Media, PA 19063
27      Telephone: (610) 891-9880
        Facsimile: (610) 891-9883
28      Email: jshah@sfmslaw.com

                              19

Jayne A. Goldstein
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: (954) 943-9191
Facsimile: (954) 943-9173
Email: jgoldstein@sfmslaw.com

Attorneys for Plaintiff

20

CLASS ACTION COMPLAINT

1

**JURY DEMAND**

2          Plaintiff demands a trial by jury on all causes of action so triable.

3

4                                          Respectfully submitted,

5                                          KIESEL BOUCHER & LARSON LLP

6    DATED: October 14, 2011

7                                          Paul R. Kiesel
                                           Jeffrey A. Koncius
8                                          8648 Wilshire Boulevard
                                           Beverly Hills, California 90211
9                                          Telephone: 310-854-4444
                                           Facsimile: 310-854-0812
10                                         Email: kiesel@kbla.com
                                           Email: koncius@kbla.com

11                                         Rose F. Luzon (SBN 221544)
                                           SHEPHERD, FINKELMAN, MILLER &
12                                         SHAH, LLP
                                           401 West A Street, Suite 2350
13                                         San Diego, CA 92101
                                           Telephone: (619) 235-2416
14                                         Facsimile: (619) 234-7334
                                           Email: rluzon@sfmslaw.com
15
                                           James C. Shah (SBN 260435)
16                                         SHEPHERD, FINKELMAN, MILLER &
                                           SHAH, LLP
17                                         35 E. State Street
                                           Media, PA 19063
18                                         Telephone: (610) 891-9880
                                           Facsimile: (610) 891-9883
19                                         Email: jshah@sfmslaw.com

20                                         Jayne A. Goldstein
                                           SHEPHERD, FINKELMAN, MILLER &
21                                         SHAH, LLP
                                           1640 Town Center Circle, Suite 216
22                                         Weston, FL 33326
                                           Telephone: (954) 943-9191
23                                         Facsimile: (954) 943-9173
                                           Email: jgoldstein@sfmslaw.com
24
                                           Attorneys for Plaintiff
25

26

27

28

EXHIBIT A

Jeffrey A. Koncius
KIESEL BOUCHER & LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: 310-854-4444
Facsimile: 310-854-0812
Email: koncius@kbla.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SIMMS, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERIAL LIMITED,<br><br>Defendant. | Civil Action No.<br><br>**DECLARATION OF KEVIN SIMMS** |

I, Kevin Simms, declare under penalty of perjury, as follows:

1.      I make this Declaration based upon my personal knowledge except as to those matters stated herein that are based on information or belief, which I believe to be true.

2.      I am an adult citizen of the State of California.  I reside in Santa Monica, California and am the named Plaintiff in this litigation.

3.      I have Frontline Plus from Petco as described more fully in the Complaint filed in this action in October 2011.

4.      To the best of my knowledge, information and belief, Defendant, Merial Limited, does business throughout this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 4th day of October 2011, at Santa Monica, California.

1

2    By: _____
          Kevin Simms
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 8548 RSWL (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



Name & Address:Paul R. Kiesel, Esq. (SBN 119854)
Jeffrey A. Koncius, Esq. (SBN 189803)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444 Fax: (310) 854-0812
Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SIMMS, On Behalf Of Himself And All Others Similarly Situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> MERIAL LIMITED, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11-08548**-RSWL(PJWx) <br><br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): MERIAL LIMITED

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Paul R. Kiesel/Jeffrey A. Koncius ____, whose address is KIESEL BOUCHER LARSON LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211 ___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  10/14/2011

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

Name & Address:Paul R. Kiesel, Esq. (SBN 119854)
Jeffrey A. Koncius, Esq. (SBN 189803)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444 Fax: (310) 854-0812
Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KEVIN SIMMS, On Behalf Of Himself And All
Others Similarly Situated,

                                        PLAINTIFF(S)

                    v.

MERIAL LIMITED,

                                        DEFENDANT(S).

CASE NUMBER

**CV11-08548**-RSWL(PJWx)

**SUMMONS**

TO:   DEFENDANT(S): MERIAL LIMITED

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Paul R. Kiesel/Jeffrey A. Koncius _____, whose address is KIESEL BOUCHER LARSON LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ OCT  1 4 2011 _____

By: _____ ANDRES PEDRO _____
        Deputy Clerk
        (Seal of the Court)
                              1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) KEVIN SIMMS, On Behalf Of Himself And All Others Similarly Situated | DEFENDANTS MERIAL LIMITED |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Paul R. Kiesel, Esq./ Jeffrey A. Koncius KIESEL BOUCHER LARSON LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211; (310) 854-4444 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of CLRA; CA Business and Professions Code §§ 17200, et seq.; CA False Advertising Law §17500; Unjust Enrichment/Restitution; Breach of Express Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11-08548 - RSWL (PJWx)**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved                                                  .

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/13/11

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |